UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-23933-CIV-O'SULLIVAN
[CONSENT]

JONES REAL ESTATE, INC.,

    Plaintiff,

v.

AVATEL TECHNOLOGIES, INC.,
THE CIT GROUP INC. and
CIT BANK, N.A.,

    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on the Defendant CIT Group Inc.'s Motion to Transfer Venue and Incorporated Memorandum of Law (DE# 37, 12/4/17). Pursuant to the parties' Consent to Proceed before a United States Magistrate Judge, the Honorable Ursula Ungaro, United States District Judge, referred the matter to the undersigned for adjudication of all pretrial motions as well as jury or non-jury trial on the merits. See Order of Reference (DE# 43, 12/21/17). Having reviewed the motion, response and reply as well as the Plaintiff's First Amended Class Action Complaint (DE# 47, 12/29/17) ("Amended Complaint"), which was filed after the motion to transfer venue was filed, it is

ORDERED AND ADJUDGED that the Defendant CIT Group Inc.'s Motion to Transfer Venue and Incorporated Memorandum of Law (DE# 37, 12/4/17) is GRANTED for the reasons set forth below.

ANALYSIS

None of the parties are located in the Southern District of Florida. The plaintiff is a Missouri corporation with its principal place of business in Missouri. The defendant, CIT Group Inc., is a Delaware corporation with its principal place of business in Livingston, New York. CIT Bank, N.A., is the principal bank subsidiary of CIT Group, Inc.'s. with an address in Jacksonville, Florida but purportedly has headquarters in California. Avatel Technologies, Inc. ("Avatel") is a Florida corporation with a principal place of business in Brandon, Florida. The plaintiff's attorneys are also in Brandon, Florida.

After CIT Group, Inc. ("CIT Group") filed its motion to transfer venue, the plaintiff filed its Amended Complaint and added Avatel as a defendant. In its Amended Complaint the plaintiff alleges a class action and seeks to represent the following classes: a Nationwide Force Placed Insurance Class; a Missouri Forced Place Insurance Class; a Nationwide Service Protection Plan Class, and a Missouri Service Protection Plan Class. The putative national classes would include Floridians.

CIT Group seeks to transfer venue to the Southern District of New York on the following grounds: the plaintiff does not reside in the Southern District of Florida; the plaintiff seeks to represent a putative nationwide class; there is little to no connection with South Florida because the plaintiff does not reside here; CIT Group does not lease office equipment in Florida or to Florida residents; CIT Group is not a party to any insuring or reinsuring agreement with the former defendants, Assurant, Inc. or American Bankers Insurance Company of Florida, both of whom were dropped as defendants in the plaintiff's Amended Complaint; CIT Group does not have any employees located

within Florida; and CIT Group does not engage in any substantial and non-isolated activities in Florida. Additionally, CIT Group contends that it is significant that the plaintiff consented to jurisdiction in New York and unequivocally agreed to waive any objection to venue in any court in New York in its Lease Agreement with CIT Bank, N.A.[1] See Lease Agreement, Exhibit 2, Amended Complaint (DE# 47-2, 12/29/17).

After CIT Group filed its motion to transfer venue, the plaintiff filed an Amended Complaint that added CIT Bank, N.A. and Avatel as defendants in addition to CIT. The plaintiff argues that venue is proper in the Southern District of Florida because two letters that it received were sent from Miami, Florida, the plaintiff's attorneys and the defendant Avatel are located in Brandon, Florida, and CIT Bank, N.A. has an address in Jacksonville, Florida. The plaintiff argues that CIT Group is not a signatory to the Lease Agreement and the defendant CIT Group has not cited any case law that a choice-of-law provision, standing alone, requires transfer. Additionally, the plaintiff contends that CIT Group's reliance on its witness, Steven Salisbury of New Jersey, does not support transfer because Mr. Salisbury was not directly involved in the lease, insurance or Service Protection Plan at issue. The plaintiff argues further that

> the normal rule of law that Plaintiff's choice of forum should not be
> disturbed should apply here because Plaintiff filed the case in the state

---

[1]The Lease Agreement between the Lessor, CIT Bank, N.A., and the plaintiff, Jones Real Estate Inc., provides in pertinent part that "[Jones Real Estate Inc.] agree[s] that this lease and any claims, controversies, disputes or causes of action (whether in contract, tort or otherwise) shall be governed, construed, and enforced in accordance with Federal law and the laws of the State of New York (without regard to the conflict of laws principles of such state). [Jones Real Estate Inc.] consent[s] to jurisdiction of any court located within that state and waive[s] any objection relating to improper venue or forum non conveniens...." See Lease Agreement at 1, Amended Complaint (DE# 47-2, 12/29/17).

3

that has the most "locus of operative facts" with the lease, insurance, and Service Protection Plan at issue in Plaintiff's consumer claims; to wit, CIT and CIT Bank, N.A. dealt with Plaintiff through Miami, Florida and Jacksonville, Florida, and Avatel Technologies, Inc. is out of Brandon, Florida.

Response at 2 (DE# 48; 12/29/17).

Factors

CIT Group seeks to transfer this action pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "A court must first determine whether the action could have been brought in the venue to which transfer is sought." Soler v. Indymac Mortg. Services, Case No. 14-ICV-22541, 2015 L 3952620, at *2 (S.D. Fla. June 29, 2015) (citing Windmere Corp. v. Remington Productions, Inc., 617 F. Supp. 8, 10 (S.D. Fla. 1985)). Because the plaintiff does not dispute that this action could have been brought in the Southern District of New York, the Court only needs to address the second prong, which involves weighing various factors. See Response at 2 (DE# 48; 12/29/17).

To determine whether transfer is appropriate, the Eleventh Circuit requires the Court to weigh the following Section 1404(a) factors: "(1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the

4

weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." Manuel v. Convergys Corp. 430 F.3d 1132, 1135 n.1 (11th Cir. 2005) (citation omitted).

CIT Group argues that the plaintiff's choice of forum should be given little to no weight because the plaintiff agreed to a forum selection clause and waived any objections related to improper venue in New York. See Atlantic Marine Construction Co. v. United States District Court, 134 S. Ct. 568, 581 (2013).

### 1) Convenience of Witnesses

CIT Group identified as a witness, Steven Salisbury, a manager of the Avaya collateral protection insurance program at issue, who is located in Livingston, New Jersey, which is near the Southern District of New York. CIT Group contends that it is likely that additional employees located in New York and New Jersey may have information regarding the allegations in the Amended Complaint. CIT Group maintains that although Assurant is no longer a party to this action, it is likely that witnesses with knowledge from Assurant regarding the issues in this case will be located in New York. The Amended Complaint added CIT Bank, N.A. as a party. CIT Group argues that CIT Bank, N.A. is headquartered in Pasadena, California and its witnesses may be located there. CIT Group argues that CIT Bank, N.A.'s witnesses with knowledge of the claims asserted in the Amended Complaint will not be located in the Southern District of Florida.

The plaintiff is a foreign corporation located in Missouri. The plaintiff has not identified any witnesses in the Southern District of Florida but instead speculates that discovery may reveal facts that substantiate a connection to the Southern District of

Florida. The only connection to the Southern District that the plaintiff has asserted is receipt of a letter that was mailed from a non-party in Miami to the plaintiff in Missouri. The telephone equipment that is the subject of the Lease Agreement is located in Missouri.

Because none of the parties are located in the Southern District and the plaintiff has not identified any witnesses that reside in the Southern District of Florida, the undersigned finds that this factor favors transfer. See Grasso v. Electrolux Home Products, Inc., Case No. 15-20774-CIV-Scola, 2016 WL 9526495, *2 (S.D. Fla. April 8, 2016) (granting motion to transfer venue to Middle District of Florida where "none of the parties actually resides or is based in the Southern District and [plaintiffs] have not shown any reason why the Southern District would be more convenient for them over the Middle District").

### 2) **Location of Relevant Documents and the Relative Ease of Access to Sources of Proof**

CIT Group's documents are located in New York. Based in Missouri, one would expect the plaintiff's relevant documents to be located in Missouri. No party is located in the Southern District of Florida. The plaintiff has not identified any documents that would be located in the Southern District of Florida. A letter was sent from a Miami address to the plaintiff in Missouri. The plaintiff is seeking to assert actions on behalf of a nationwide class as well as a Missouri class of similarly situated persons. This factor favors transfer.

### 3) **Convenience of Parties**

None of the parties resides in the Southern District of Florida. The only party in

6

the Amended Complaint that is a Florida corporation with a principal place of business in Jacksonville, Florida is Avatel Technologies, Inc. ("Avatel"). The plaintiff is a Missouri corporation with its principal place of business in Missouri. CIT Group, Inc. is a Delaware corporation with its principal place of business in New York. CIT Bank, N.A. is the principal bank subsidiary of CIT Group that CIT Group maintains is headquartered in Pasadena, California notwithstanding that the Lease Agreement lists a Jacksonville, Florida address. Neither Brandon, Florida nor Jacksonville, Florida are located within the Southern District of Florida.

The plaintiff signed a Lease Agreement with CIT Bank, N.A. that provided for New York to be the governing law and consented to jurisdiction in New York. The plaintiff also waived any objection relating to improper venue or forum non conveniens when it signed the Lease Agreement. The plaintiff relies on the fact that its counsel is located in Brandon, Florida. "Convenience to counsel 'is generally not an appropriate consideration' in a 1404(a) transfer motion." Cellularvision Tech & Telecomms., L.P. v. Alltell Corp., 508 F. Supp. 2d 1186, 1190 (S.D. Fla. 2007)(quoting Solomon v. Continental Am. Life Ins. Co., 472 F.2d 1043, 1047 (3rd Cir. 1973)).

Because neither the plaintiff nor the defendants reside in the Southern District of Florida, this factor favors transfer.

**4)** **Locus of Operative Facts**

The Lease Agreement was not made in the Southern District of Florida and was not to be performed here. None of the parties in the Amended Complaint are located in the Southern District of Florida. The leased equipment was not located in the Southern District of Florida. The insurance charges were neither billed from nor paid to or from

7

the Southern District of Florida. The letter that was sent by a non-party from an address in Miami was directed to the plaintiff in Missouri. Courts give minimal deference to a plaintiff's choice of forum when "the claims raised in [the plaintiff's] complaint only appear to have a limited connection with this District." Motorola Mobility, Inc. v. Microsoft Corp., 804 F. Supp. 2d 1271, 1276 (S.D. Fla. 2011); see Soler v. Indymac Mortg. Servs., Case No. 14-CIV-22541, 2015 WL 3952620, *4 (S.D. Fla. June 29, 2015) (granting motion to transfer where property was located in New York and letters were mailed to New York address and noting that while the locus of operative facts was somewhat unclear given the various locations of the defendants "[i]t is clear, however, that the locus of operative facts is *not* in the Southern District of Florida"). The locus of operative facts are not in the Southern District of Florida and this factor favors transfer.

### 5) **Availability of Process to Compel Attendance of Unwilling Witnesses**

Neither party discusses the availability of process to compel attendance of unwilling witnesses. This factor is neutral.

### 6) **Relative Means of Parties**

The plaintiff argues that "courts have routinely not accepted that a defendant corporation like CIT [Group] will be inconvenienced by the cost of production of witnesses in another forum if that corporation has 'ample financial resources.'" Response at 3-4 (quoting Houk v. Kimberly-Clark Corp., 613 F. Supp. 923, 932 (W.D. Mo. 1985)). Neither party submitted evidence as to their respective means. Presently, the plaintiff is maintaining this action in a foreign forum. Both the Southern District of Florida and the Southern District of New York are foreign to the plaintiff and require the

8

plaintiff to incur travel expenses. This factor is neutral.

### 7) Forum's Familiarity with the Governing Law

The plaintiff does not cite any case law regarding the forum's familiarity with governing law. The Lease Agreement between the plaintiff and CIT Bank, N.A. provides that federal laws and New York law applies. See Food Mktg. Consultants, Inc. v. Sesame Workshop, Case No. 09-6177-CIV, 2010 WL 1571206, *10 (S.D. Fla. March 26, 2010) ("While this Court is capable of construing New York law, federal courts in New York engage in that exercise with far greater frequency and, thus, can fairly be expected to have developed some expertise in that area."); see also Soler, 2015 WL 3952620, *4 (noting that "OneWest contends that New York law will govern Plaintiff's state law claims, and therefore, the Southern District of New York is an appropriate forum" and noting that the plaintiff did not contest the issue). This factor favors transfer.

### 8) Weight Accorded a Plaintiff's Choice of Forum

"Generally, a 'plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations.'" Cellularvision Tech & Telecomms., L.P. v. Alltell Corp., 508 F. Supp. 2d 1186, 1189 (S.D. Fla. 2007)(quoting Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996)). "[W]here a plaintiff has chosen a forum that is not its home forum, only minimal deference is required, and it is considerably easier to satisfy the burden of showing that other considerations made transfer proper." Id. (citing Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255-56 (1981) (other citations omitted)). Additionally, the "[p]laintiff's choice of forum is entitled to less deference when the action is one brought on behalf of a class of persons similarly

9

situated, as it is here." Gould v. National Life Ins. Co., 990 F. Supp. 1354, 1358 (M.D. Ala. 1998) (citing Koster v. Lumbermens Mutual Casualty Co., 330 U.S. 518, 524 (1947)); see Soler, 2015 WL 3952620, *4 (finding the presumption in favor of the plaintiff's choice of forum was diminished by a number of factors including the facts that the plaintiff sought to represent a putative nationwide class and the plaintiff did not reside in the forum) .

Also, the plaintiff's choice of forum receives little deference when "the operative facts underlying the cause of action did not occur within the forum chosen by the [p]laintiff." Gould v. National Life Ins. Co., 990 F. Supp. 1354, 1358 (M.D. Ala. 1998)(quotation omitted); see Windmere Corp. v. Remington Productions, Inc., 617 F. Supp. 8, 10 (S.D. Fla. 1985) (citations omitted).

Finally, CIT Group reiterates that the plaintiff's choice of forum should be given little to no weight because the plaintiff agreed to a forum selection clause and waived any objections related to improper venue in New York.   CIT Group relies on Atlantic Marine Construction Co. v. United States District Court, 134 S. Ct. 568, 581 (2013).  In Atlantic Marine, the Supreme Court held that "[t]he presence of a valid forum-selection clause requires district courts to adjust their usual §1404(a) analysis in three ways." Id. "First, the plaintiff's choice of forum merits no weight." Id.  "Second, a court evaluating a defendant's §1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests." Id. at 582.  "Third, when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a  §1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules–a factor that in some circumstances may affect public-interest

10

considerations." Id. Although CIT Group is not a signatory to the Lease Agreement that contains a forum selection clause, its principal bank subsidiary and co-defendant, CIT Bank, N.A., is. In the Lease Agreement, the plaintiff expressly consented to the jurisdiction of any court located in New York regarding "this lease and any claims, controversies, disputes or causes of action (whether in contract, tort or otherwise)...." See Lease Agreement.

In its Response, the plaintiff argues that: 1) CIT Group is not a signatory to the Lease Agreement and does not meet the close relationship test to enforce it as a non-signatory; and 2) the provision is a choice of law provision rather than a choice of forum provisions. Response at 11 (DE# 48, 12/29/17). Pursuant to New York law, "'a nonparty that is 'closely related' to one of the signatories can *enforce* a forum selection clause.'" Tate & Lyle Ingredients Americas, Inc. v. Whitefox Technologies USA, Inc., 98 A.D.3d 401, 402-403, 949 N.Y.S.2d 375 (N.Y. App. 1st Div. 2012) (quoting Freeford Ltd. v. Pendleton, 53 A.D.3d 32, 38 (2008)); see Stone v. Barclays Bank, PLC, Case No. 9:16-CV-81875-RLR, 2017 WL 766355, *5 (S.D. Fla. Feb. 28, 2017) (applying New York law and finding a "non-signatory to a contract can be bound by a forum selection clause if that party has a 'sufficiently close relationship with the signatory and the dispute to which the forum selection clause applies'") (quoting Tate, N.Y.S.2d at 377).

Unlike the forum selection clauses at issue in Tate & Lyle and Stone, the forum selection clause in the present case is permissive. In Travelcross, S.A. v. Learjet, Inc., Case No. 10-61842-CIV-Jordan, 2011 WL 13214118, *3 (S.D. Fla. March 28, 2011), the court explained that a "valid forum-selection clause is a significant factor in deciding whether to transfer a case" and that when the forum-selection clause is permissive, "it

11

merits less weight than a mandatory clause." Id. In Travelcross, the court held that even in the context of a permissive forum selection clause "the party opposing enforcement of the forum selection clause carries the burden of showing that the contract forum's inconvenience merits retention of the dispute." Id. (citing P&S Bus. Mac v. Canon USA, Inc., 331 F.3d 804, 807 (11th Cir. 2003). Like the plaintiff in Travelcross, the plaintiff in the present case, has not met this burden. In granting a motion to transfer in Travelcross, the court concluded that "because both parties are business entities who entered a contract favoring the application of Kansan [sic] law in Kansas, nothing suggests that justice favors venue in Florida." Id. at 4.

In the present action, the forum selection provision is broad and applies to "any claims, controversies, disputes or causes of action (whether in contract, tort or otherwise) ...." See Lease Agreement. In Stewart Org., Inc. v. Ricoh Corp., 810 F.2d 1066, 1067 (11th Cir. 1987) (en banc), aff'd, 487 U.S. 22 (1988), the Eleventh Circuit considered a forum-selection clause that provided for certain courts in New York to have jurisdiction over any "case or controversy arising under or in connection with this Agreement." In Stewart Org., the Eleventh Circuit determined that the forum-selection clause included all causes of action arising "directly or indirectly" from the business relationship evidenced by the contract, which "permitted the court to order transfer of the entire case." Id. at 1070 (citation omitted).

The claims asserted against the defendants are intertwined. The Lessor, CIT Bank, N.A., is CIT Group's principal bank subsidiary. Because the Southern District of Florida is a foreign forum for the plaintiff; the plaintiff seeks to represent a putative nationwide class as well as a Missouri class; and the plaintiff consented to the

12

jurisdiction of courts located in New York and "waive[d] any objection relating to improper venue or forum non conveniens" when it signed the Lease Agreement, the Court awards the plaintiff's choice of forum little to no weight. This factor weighs in favor of transfer.

### 9) Trial Efficiency and the Interest of Justice

CIT Group argues that the existence of the forum selection clause in the Lease Agreement weighs in favor of transfer because the allegations in the Amended Complaint are intertwined against all of the defendants. CIT Group cites Meterlogic, Inc. v. Copier Sols, Inc., 185 F. Supp. 2d 1292, 1303 (S.D. Fla. 2002) for the proposition that transfer would serve "the policy of statutory transfer, which is to avoid duplicative litigation, inconvenience, and unnecessary expenses." Id. CIT Group's reliance on Meterlogic is misplaced because Meterlogic involved two actions - one in Florida and the other in Missouri - because the court in Florida did not have jurisdiction over certain defendants.

In its opposition, the plaintiff acknowledges that "[i]n making the transfer analysis, courts should consider both private and public interests in order to determine the appropriate forum; while private factors focus on the burden each party will face if transfer is or is not granted, public interest factors included, inter alia, 'the connection with the chosen forum (in order to avoid juries having to hear cases which are wholly unrelated to local interests), and a host of other factors relating to judicial efficiency.'" Response at 13 (DE# 48; 12/29/17) (citing Geltech Solutions, Inc. v. Marteal Ltd., 2010 WL 1791423 (S.D. Fla. May 5, 2010) (citing Liquidation Com'n of Banco Intercontinental, S.A. v. Renta, 530 F.3d 1339, 1356-57 (11th Cir. 2008)). The plaintiff

13

argues further that public interest factors should only be considered when the balance of private interest factors is even. Id. (citing Aldana v. Del Monte Fresh Produce, N.A., Inc., 578 F.3d 1283, 1298 (11th Cir. 2009) ("[I]t is only when the private interest factors are 'at or near equipoise' that a district court is obliged to consider the public interests at stake in a suit.")).[2]

The plaintiff opposes transfer on three grounds regarding trial efficiency and the interest of justice. First, the plaintiff argues that CIT Group did not "quickly move to transfer" because of the approximate six (6) week period of time between when the complaint was filed and the motion to transfer venue was filed. None of the cases cited by the plaintiff indicate that filing a motion to transfer within six (6) weeks of the filing of the complaint is unreasonable. The plaintiff's reliance on In re Wyeth, 406 Fed. App'x 475 (Fed. Cir. 2010), which is from another Circuit and is not binding on this Court, is misplaced. Additionally, In re Wyeth is factually distinguishable because the Federal Circuit affirmed the district court's determination that the movant failed to act with reasonable promptness when it waited more than one and one-half (1 ½) years to seek a transfer. Although "Section 1404(a) sets no time-limit on when a motion to transfer must be filed, ... the prevailing rule is that the movant must act with 'reasonable promptness' in seeking transfer." Willis v. Okeechobee Cty., No. 11-23765-CIV, 2012 WL 12845648, * 2 (S.D. Fla. Aug. 16, 2012) (denying a motion to transfer venue as untimely because the motion was filed eight (8) months after the action commenced).

Second, the plaintiff argues that CIT Group as well as the other parties to the

---

[2]. Aldana is distinguishable because it involved dismissal of an action based on forum non conveniens, which was affirmed by the Eleventh Circuit.

case consented to magistrate judge jurisdiction and did not consent to the reassignment to any other or successor magistrate judge. The plaintiff fails to cite any case law to support its position that a consent to magistrate judge jurisdiction precludes a party from filing a motion to transfer venue. CIT Group argues that the plaintiff's waiver argument lacks merit and relies on Jaramillo v. Dineequity, Inc., 664 F. Supp. 2d 908, 917 (N.D. Ill. 2009). In Jaramillo, the court explained that "a defendant does not waive the right to request a transfer of venue under 28 U.S.C. § 1404(a) by consenting to the jurisdiction of a magistrate judge to decide the case." Id. Like the plaintiffs in Jaramillo, in the present case the plaintiff "misunderstand[s] the effect of consenting to this Court's jurisdiction under 28 U.S.C. § 636(c)(1)." Id. The Jaramillo court explained further that "[t]he parties have only consented that a magistrate judge, not a district judge, will decide all motions brought before the court-including this motion to transfer venue." Id. Like the defendants in Jaramillo, "[t]he consent to a magistrate judge does not prevent [the] defendant[] from seeking to transfer this case...." Id.

Third, the plaintiff argues that the relative congestion of the dockets between the Southern District of Florida and the Southern District of New York militate against transfer. The plaintiff relies on the U.S. District Court–Combined Civil and Criminal Federal Court Management Statistics (September 30, 2017), which are available at: http://www.uscourts.gov/site/default/files/data_tables/fcms_na_distprofile0930.2017.pdf. In its reply, the defendant argues that docket congestion is not dispositive and cites a case that involved a forum selection clause. Reply at 8 (DE# 64; 1/17/18); see P&S Bus. Mac., 331 F.3d at 808 (holding that "[n]o case has been cited indicating that congestion of the selected forum's court docket should be grounds to avoid

15

enforcement of a forum selection clause"). CIT Group relies on the most recent available statistics of weighted filings of both courts (2016) to support its position that trial efficiency favors transfer. These statistics show that in 2016 the Southern District of New York had 142 fewer weighted civil filings per judge than the Southern District of Florida. See Administrative Office of U.S. District Courts – Weighted and Unweighted Filings per Authorized Judgeship, Using Case Weights Approved in March 2016, During the 12 Month Period Ending September 30, 2016, at http:www.uscourts.gov/sites/default/files/data_tables/jb_xla_0930.2016.pdf.

      The Court finds that the plaintiff's untimeliness and waiver arguments lack merit. Given the totality of circumstances, including: 1) that the Southern District of Florida is neither the plaintiff's home forum nor the locus of the operative facts; 2) that the Lease Agreement provides that New York law applies and that the plaintiff waives any objections to venue in New York; and 3) that courts should avoid having a jury sit on a case with little to no connection to the Southern District of Florida, the Court finds that trial efficiency and the interest of justice favors transfer.

      DONE AND ORDERED in Chambers at Miami, Florida this **1st** day of March, 2018.

                                                    JOHN J. O'SULLIVAN
                                                    UNITED STATES MAGISTRATE JUDGE

Copies to:
All counsel of record